O

# United States District Court
# Central District of California

| | |
|---|---|
| LARRY LEAVITT; DON SKREDE; and RALPH WINDER,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL PAPER COMPANY; DOES 1 through 50, inclusive,<br><br>  Defendants and Third-Party Plaintiff,<br><br>  v.<br><br>YEGHIA BEKIARIAN,<br><br>  Third-Party Defendant. | Case No. 2:14-cv-03706-ODW(VBKx)<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT [34]** |

## I.  INTRODUCTION

Pending before the Court is Third-Party Defendant Yeghia Bekiarian's Motion to Dismiss the Third-Party Complaint.  (ECF No. 34.)  Defendant and Third-Party Plaintiff International Paper Company ("IP") filed its Third-Party Complaint against Bekiarian on November 14, 2014.  (ECF No. 34.)  The basis for this action is a breach of fiduciary duty in a labor and employment dispute.  For the reasons discussed

/ / /

below, the Motion is **DENIED**.[1]

## II. FACTUAL AND PROCEDURAL HISTORY

The Original Complaint in this matter was filed against IP by Plaintiffs Larry Leavitt, Don Skrede, and Ralph Winder (collectively "Original Plaintiffs"), all former commissioned salesmen at IP. (ECF No. 1.) The Original Plaintiffs allege that they accrued and are entitled to a significant amount of promised, unpaid vacation days. (*Id.*) The Original Plaintiffs are not the only former IP employees suing IP for unpaid vacation time, and though similar litigation IP learned the basis of the Original Plaintiffs' allegations; Bekiarian, a former manager at IP and supervisor of the Original Plaintiffs, allegedly promised employees paid vacation days. (ECF No. 24 ¶ 21.) IP alleges that company policy prohibited paid vacation for commissioned salesmen and that to the extent that IP is liable to the Original Plaintiffs for accrued vacation time, Bekiarian is responsible for creating this liability. (*Id.* ¶ 20.) IP's Third Party Complaint "is an action for indemnification, contribution and/or damages" and brings causes of action for breach of fiduciary duty, breach of the duty of loyalty, gross negligence, and intentional misrepresentation against Bekiarian. (*Id*. ¶ 2.)

As mentioned above, other former employees sued IP seeking unpaid vacation time. One such action is *Farris v. International Paper Co.*, No. 5:13-cv-0485 (C.D. Cal. 2014) (the "Farris Lawsuit"). In the Farris Lawsuit, IP filed a third-party complaint against Bekiarian that is nearly identical to the Third-Party Complaint here. *See id.*, ECF. No. 38. Once named a third-party defendant in the Farris Lawsuit, Bekiarian filed a motion to dismiss IP's third-party complaint. *See id.*, Dkt. No. 45. Bekiarian's motion to dismiss in the Farris Lawsuit is nearly identical to the Motion to Dismiss Third-Party Complaint in this matter. Both motions contain the same nine *identical* arguments, and the vast majority of the text is word-for-word.

On July 21, 2014, the Farris Lawsuit's presiding judge, Judge Christina Snyder,

---

[1] After carefully considering the papers filed related to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

issued a thorough and well-reasoned opinion denying Bekiarian's motion to dismiss the third-party complaint. *Farris*, No. 5:13-cv-00485 (C.D. Cal. July 21, 2014) (order denying motion to dismiss). Judge Snyder methodically rejected each of Bekiarian's nine legal arguments on the merits. *Id.* IP and Bekiarian fully litigated the matter, to include a hearing, before Judge Snyder. *Id.*

### III. DISCUSSION

The resolution of this Motion is a textbook example of the collateral estoppel doctrine, which is also known as issue preclusion. Issue preclusion "forecloses relegation of factual or legal issues that have been actually and necessarily decided in earlier litigation." *San Remo Hotel, L.P. v. San Francisco City and County*, 364 F.3d 1088, 1094 (9th Cir. 2004). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). To apply issue preclusion, the following elements are required: (1) a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) a final judgment resulted; and (4) the person against whom preclusion is asserted was a party to the prior action. *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).

Issue preclusion requires the Court to deny Bekiarian's Motion to Dismiss the Third-Party Complaint. All four elements from *In re Palmer* are easily satisfied; (1) Bekiarian and IP had a "full and fair opportunity" to litigate the same legal issues in the Farris Lawsuit; (2) the motion to dismiss in the Farris Lawsuit was fully litigated, to include a hearing; (3) Judge Snyder issued a final judgment on the merits; and (4) Bekiarian was a party to the Farris Lawsuit. *See In re Palmer*, 207 F.3d at 568. It would be a gross misuse of judicial resources to allow Bekiarian another bite at these legal issues. Bekiarian's arguments are precluded.

/ / /

## IV.  SANCTIONS

Federal Rule of Civil Procedure 11(b)(2) states that when a lawyer files a motion with the court, the lawyer represents that "the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law . . . ." Fed. R. Civ. P. 11(b)(2). The Ninth Circuit recognizes sanctions under Rule 11(b)(2) against an attorney for repeatedly filing a rejected claim. *See Roundtree v. United States*, 40 F.3d 1036, 1040 (9th Cir. 1994). A district court may impose Rule 11(b)(2) sanctions on its own initiative as long as the court provides sufficient due process protections. *See Hudson v. Moore Bus. Forms., Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).

This Motion to Dismiss (ECF No. 34) is the epitome of frivolity. As explained earlier, Bekiarian's counsel filed this *exact* motion in the Farris Lawsuit and Judge Snyder denied all nine legal arguments on the merits. Counsel failed to make a single argument "for extending, modifying, or reversing" Judge Snyder's opinion. Fed. R. Civ. P. 11(b)(2). In fact, counsel did not even notify the Court that Judge Snyder previously ruled on the *identical* motion.

In this present motion, Bekiarian's counsel had the audacity to request sanctions against IP's counsel for filing the Third-Party Complaint. Bekiarian's Motion to Dismiss argues:

> Defendant chose to harass its former employee and force him to incur additional attorneys' fees and costs to oppose this motion [*sic*]. Prior to filing this motion [*sic*], Defendant was informed that claim splitting is impermissible and still failed to dismiss its suit. This was solely an intimidation tactic in an effort to get Mr. Bekiarian to dismiss his own suit against Defendant and recant his testimony. Defendant and its counsel are abusing the judicial process for the improper purpose of intimidating and harassing its

employee. Thus sanctions are warranted. (ECF No. 34 at 14.)

This canned paragraph was included word-for-word in Bekiarian's denied motion in the Farris Lawsuit. For counsel to represent to the Court that IP "was informed that claim splitting is impermissible" is patently false—Judge Snyder informed Bekiarian that this legal argument is wrong. *See Farris*, No. 5:13-cv-00485 at *5 ("[T]he Court finds that dismissal on claim-splitting grounds is inappropriate."). Not only is counsel's representation false, but the request for sanctions only adds to the egregious nature of the motion.

The Court hereby notifies Bekiarian's counsel—the law firm of Kesluk, Silverstein & Jacob, P.C., and the individual attorneys Douglas Silverstein and Lauren Morrison—of its intent to order sanctions. Counsel are ordered to show cause why sanctions are not appropriate under Rule 11(b)(2). *See Feminst Women's Health Ctr. V. Codispoti*, 63 F.3d 863, 869–70 (9th Cir. 1995) (requiring notification of sanctions and an opportunity to explain allegedly frivolous motion before a court can impose sanctions). Counsel are specifically ordered to explain why they requested sanctions against IP in their Motion to Dismiss.

IP's counsel is directed to lodge a request for attorneys' fees, with supporting declarations, for all fees associated with defending this present motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Third Party Defendant Bekiarian's Motion to Dismiss Third Party Complaint. (ECF No. 34.) Bekiarian's counsel is **ORDERED TO SHOW CAUSE** why sanctions under Rule 11 should not be imposed. Counsel must file a response with the Court by February 11, 2015.

**IT IS SO ORDERED.**

January 21, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**